**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **GENE VISCO,** ) | **Case No.:** |
| ) | |
| **Plaintiff,** ) | **COMPLAINT FOR DAMAGES** |
| ) | **1. VIOLATION OF THE TELEPHONE** |
| **v.** ) | **CONSUMER PROTECTION ACT, 47** |
| ) | **U.S.C. § 227, ET. SEQ.** |
| **CREDITORS RELIEF, LLC,** ) | **2. VIOLATION OF THE** |
| ) | **TELEMARKETING SALES RULE, 16** |
| **Defendant.** ) | **C.F.R. § 310.4(b)(1)(iii)(B), ET SEQ.** |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |

## COMPLAINT

GENE VISCO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDITORS RELIEF, LLC ("Defendant"):

### INTRODUCTION

1.   Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.   Defendant conducts business in the State of Massachusetts and as such, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

6.   Plaintiff is a natural person who resides in Burlington, Massachusetts 01803.

7.      Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 120 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that he has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     Defendant called and text messaged Plaintiff on his cellular telephone on a repetitive and continuous basis for solicitation purposes.

13.     Defendant placed these calls and text messages using an automatic telephone dialing system.

14.     Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with automated message and/or a pause before being connected to a live agent.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Plaintiff did not consent to these calls and has been on the Do Not Call Registry since August of 2003.

17.     Defendant also knew its calls were unwanted as Plaintiff told Defendant to stop calling, therefore, all calls could have only been made solely for purposes of harassment.

18.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

19.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN T I
## Defendant Violated the TCPA 47 U.S.C. § 227(b)

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

22.     Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23.     The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

24.     The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

25.     Defendant's calls were not made for "emergency purposes."

26.     Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

27.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August of 2003.

28.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

31.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

33.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August of 2003.

34.     Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

35.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Gene Visco,** respectfully prays for judgment as follows:

a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.     Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.     Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.     Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.     Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.     Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g.     Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GENE VISCO, demands a jury trial in this case.

DATED:  12/31/2020                    KIMMEL & SILVERMAN, P.C.

                                      By: /s/ Craig Thor Kimmel
                                      Craig Thor Kimmel, Esq.
                                      Kimmel & Silverman, P.C.
                                      30 East Butler Pike
                                      Ambler, Pennsylvania 19002
                                      Phone: (215) 540-8888
                                      Facsimile: 877-788-2864
                                      Email: teamkimmel@creditlaw.com