UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| GENE VISCO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CREDITORS RELIEF, LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 1:20-cv-12303-JCB |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR PARTIAL MOTION FOR MORE DEFINITE STATEMENT

Now Comes Defendant and hereby submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint and/or Partial Motion for More Definite Statement.

**I.   APPLICABLE LEGAL STANDARDS**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do… Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

Under Fed. Rule Civ. P. 12(e), a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The purpose of Rule 12(e) is to remedy

pleadings that "fail[ ] to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

## II. ARGUMENTS AND AUTHORITIES

### A. Plaintiff's Vague, False Allegations that Creditors Relief, LLC Called Him by Telephone Using an ATDS Must Be Dismissed.

Plaintiff's complaint fails to specify whether he purports that Defendant called or texted him. Further, Plaintiff's complaint does not provide the phone number that purportedly called him, the date of the call, the time of the call, or the number of times that he purported to be called (or, texted). It is unclear, therefore, if Plaintiff is even seeking recourse on the basis of calls made, but to the extent that he is, the claims must be dismissed.

Of course, Plaintiff has access to his own phone records, and therefore could have pled with specificity the dates, times, numbers from which he purports to base his TCPA claim. However, he has failed to do so. This is fatal to his claim. See, e.g., *Despot v. Allied Interstate, Inc.*, 2016 U.S. Dist. LEXIS 118646, at *17-18 (W.D. Pa. Sep. 2, 2016) ("Plaintiff's allegations merely parrot the language of 47 U.S.C. § 227(b)(1)(A)(iii) and state that he received thirteen 'unlawful' calls. Without more, such conclusory allegations fail to plead sufficient facts to support a plausible TCPA claim." (internal record citation omitted)); *Leon v. Target Corp.*, 2015 U.S. Dist. LEXIS 34490, at *6-8 (M.D. Pa. Mar. 19, 2015) ("[T]he Complaint is bereft of even generalized factual allegations to put Target on notice of its purportedly unlawful conduct, i.e., the timing and/or the approximate number of offending calls") (dismissing TCPA claim); *Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 U.S. Dist. LEXIS 53833, at *4-7 (E.D. Mich. April 18, 2014) ("[T]o satisfy the Twombly/Iqbal standard with respect to such a TCPA claim, a plaintiff must plead such facts as (i) the number of allegedly unlawful calls received, (ii) the approximate dates and times of these calls, and (iii) circumstances that would support the inference that these

calls were placed with a automatic telephone dialing system or an artificial or prerecorded voice.") ("The complaint here includes no such allegations that, if proven, would establish Plaintiff's entitlement to relief under the TCPA."); *compare Aronson v. Generation Mortgage Co.*, 2014 U.S. Dist. LEXIS 20239, at *1 (W.D. Pa. Feb. 19, 2014) (denying motion to dismiss TCPA claim because the plaintiff had alleged "sufficient details of the date, time and place").

In the event the Court determines that Plaintiff's telephone allegations are sufficient to satisfy the Iqbal and Twombly threshold, then Defendant requests, in the alternative, that Plaintiff be required to set forth in a further pleading additional detail about the alleged telephone calls, including but not limited to: the dates and times of the alleged calls; and factual allegations concerning alleged ATDS use, which Defendant knows that Plaintiff will be unable to do. Such relief is appropriate and necessary pursuant to Rule 12(e) if the Court denies Defendant's motion to dismiss these allegations; otherwise, Defendant is left to speculate about when the alleged telephone calls were made and will not be able to sufficiently prepare its factual defenses thereto. *See* Fed. R. Civ. P. 12(e); *Swierkiewicz*, 534 U.S. at 514.

### B. Plaintiff Has Failed to Sufficiently Plead that Creditors Relief Used an ADTS in Sending Him Text Messages.

Plaintiff alleges that Creditors Relief used an ATDS to contact him in violation of the TCPA. However, this is insufficiently pled and therefore the claim fails.

It is well-settled in this Circuit and others that a plaintiff cannot satisfy the Iqbal and Twombly standard by merely pleading in a conclusory fashion that the defendant used an ATDS in violation of the TCPA. *See, e.g., Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 86-87 (D. Mass. 2013) ("A bare allegation that defendants used an ATDS is not enough. … Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." (quotation marks and citations omitted)); *McDermet v. Trinity Heating & Air, Inc.*, 2018 U.S. Dist. LEXIS 22229, at *9

(D. Mass. Feb. 12, 2018) (same). Plaintiff here attempts to rely on exactly that type of impermissible conclusory pleading.

To sufficiently plead the ATDS element of his claim, Plaintiff was required to, at a bare minimum, plead additional allegations that raise a reasonable inference that an ATDS was used to contact him. Examples of such allegations that may sufficiently infer the use of an ATDS include: the lack of human response when attempting to have a conversation; the frequency of the contacts; the generic content of the message received; or the timing, length, and volume of the calls. *See McDermet*, 2018 U.S. Dist. LEXIS 22229, at *9-10 (*citing in part Jones v. Hanna*, No. 14-2346, slip op. at [2] (1st Cir. Mar. 28, 2016) (noting that "timing, length, frequency and volume of the alleged phone calls may permit a reasonable inference that an ATDS was used.")); see also *Jones*, 978 F. Supp. 2d at 86-87; *Gonzalez v. Hosopo Corp.*, 371 F. Supp. 3d 26, 34-35 (D. Mass. 2019) ("[A]llegations of hearing lengthy pauses, clicks, and then silence after answering a call are adequate to raise an inference that ATDS was used" (quotation marks and citation omitted)). Plaintiff fails to allege any facts that would permit an inference that an ATDS had been used.

Contrarily, Plaintiff does not allege, for instance, a barrage of messages that would raise an inference of an ATDS. *Compare Ready v. Synchrony Bank*, 2018 U.S. Dist. LEXIS 59069, at *12 (D. Me. April 6, 2018) (allegations that defendant called plaintiff's phone "324 times in a similar pattern of calls, on consecutive days, at least twice per day, including mornings, nights, and weekends, even after he twice requested that the defendant cease calling" plausibly inferred use of ATDS); *Hewitt v. Synchrony Bank*, 2017 U.S. Dist. LEXIS 203971, at *6 (W.D. Mo. Dec. 12, 2017) (where plaintiff alleged that defendant called 45 times on consecutive days in a regular pattern, "the number of calls and timing can imply Defendant used an ATDS to place these calls");

*Gonzalez*, 371 F. Supp. 3d at 35 ("[T]he high number of calls in a short period of time, all for the same purpose, raises a plausible inference that an automated system was used.").

### C. Plaintiff Has Failed to Sufficiently Plead "Telephone Solicitations."

Among other things, Plaintiff is required to plausibly plead that Creditors Relief communications with him constituted "telephone solicitations" as "the initiation of a telephone call or message for the purpose of encouraging the purpose or rental of, or investment in, property, goods, or services…" 47 C.F.R. 64.1200(f)(14).

Generally, courts evaluate the question of whether a message or phone call constitutes a telephone solicitation by looking at the context of the message and by using "a measure of common sense." *See*, *e.g.*, *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Nothing in the Complaint gives rise to an inference that the message or call constituted a telephone solicitation.

### D. Discovery Should Be Stayed Pending Determination of Motion to Dismiss

As the Court is aware, the law is well-settled in this jurisdiction, whereas here, there is an issue as to the viability of the claim raised in a motion to dismiss, discovery should be stayed pending determination of the motion to dismiss. Such is not only borne out by the case law in this jurisdiction, but promotes judicial economy, and efficiency, and protects Defendants named in baseless lawsuits, such as this one, from the additional cost that discovery might cause pending determination of the dismissal motion.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice and discovery stayed pending determination of this motion.

        Respectfully submitted,
DEFENDANT, CREDITORS RELIEF, LLC
By its attorneys,

/s/ Gino Spinelli
Gino Spinelli, BBO No. 667417
**DAVIDS & COHEN, P.C.**
40 Washington Street, Suite 20
Wellesley, MA 02481
(781) 416-5055
gspinelli@davids-cohen.com

Dated:  June 1, 2021

## CERTIFICATE OF SERVICE

I, Gino Spinelli, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated:  June 1, 2021            /s/ Gino Spinelli
           Gino Spinelli