IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GENE VISCO,** | Case No.: 1:20-cv-12303-JCB |
| Plaintiff, | **AMENDED COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| **CREDITORS RELIEF, LLC,** | |
| Defendant. | |

## AMENDED COMPLAINT

GENE VISCO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDITORS RELIEF, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331.

3. Defendant conducts business in the Commonwealth of Massachusetts and the acts and omissions underlying this Complaint occurred within the Commonwealth of Massachusetts.

4. As such, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

6. Plaintiff is a natural person who resides in Burlington, Massachusetts 01803.

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 120 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all times relevant hereto, Plaintiff utilized a cell phone, the number for which was (617) XXX-5087.

11. Plaintiff has only used this number for a cell phone.

12. Plaintiff used that cell phone for residential purposes.

13. In or around 2003, Plaintiff registered his cell phone on the Do Not Call registry in order to obtain solitude from unwanted solicitation calls.

14. Plaintiff never consented to receive calls or texts from Defendant.

15. Despite that fact, and despite the placement of his number on the Do Not Call Registry, Defendant placed a series of unwanted solicitation calls and texts to Plaintiff's cell phone from March through November of 2020. (Screenshots of text messages and incoming/missed calls from Defendant are attached as Exhibit "A.")

16. Specifically, Defendant was soliciting its debt relief services.

17. Plaintiff had no interest in Defendant's services.

18. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure and caused a sense of an invasion of privacy.

**Defendant's Calls and Texts Were Placed Using an Automatic Telephone Dialing System and/or With a Automated or Pre-Recorded Voice**

19. Defendant sent generic, pre-scripted text messages that were clearly sent by an institutional party rather than an individual and almost certainly sent *en masse*. (*See* Ex. A.)

20. When Defendant placed calls to Plaintiff, on several of the occasions when Plaintiff answered the phone he was greeted with an automated/pre-recorded voice.

21. In other instances, Plaintiff answered the phone, there was a pause and then Plaintiff was greeted by what appeared to be a live agent.

22. While Plaintiff has not yet had the benefit of discovery, the nature of the text messages and the calls have lead Plaintiff to reasonably infer that Defendant utilized an automatic telephone dialing system.

23. Plaintiff also reasonably believes that Defendant placed calls using a dialing system which utilized artificial, automated and/or a pre-recorded voice.

**COUN T I
Defendant Violated the TCPA 47 U.S.C. § 227(b)**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

26. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

27. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

28. . Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automated, artificial and/or pre-recorded voice

29. Defendant's calls were not made for "emergency purposes."

30. Defendant's calls to Plaintiff's cellular telephone without any prior express consent.

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August of 2003.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUN T II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the

National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

37. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August of 2003.

38. Defendant called Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

39. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

40. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

41. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Gene Visco,** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GENE VISCO, demands a jury trial in this case.

DATED: 06/15/2021        KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com

## CERTIFICATE OF SERVICE

I, Craig T. Kimmel hereby certify that a true and correct copy of the foregoing Amended Complaint has been served on all parties via ECF.

                                    */s/ Craig T. Kimmel*