# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

GENE VISCO,

      Plaintiff,

v.

CREDITORS RELIEF, LLC,

      Defendants.

Case No.: 1:20-cv-12303-JCB

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND/OR PARTIAL MOTION FOR MORE DEFINITE STATEMENT

Now Comes Defendant and hereby submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint and/or Partial Motion for More Definite Statement.

## I. APPLICABLE LEGAL STANDARDS

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do… Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

Under Fed. Rule Civ. P. 12(e), a party may move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading." The purpose of Rule 12(e) is to remedy pleadings that "fail[ ] to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

II. **ARGUMENTS AND AUTHORITIES**

A. **Plaintiff's Vague, False Allegations that Creditors Relief, LLC Called Him by Telephone Using an ATDS Must Be Dismissed.**

Plaintiff, remarkably, in his Amended Complaint, fails to do anything but attach a list of calls to a cell phone that he purports to be his cellular phone. However, he fails to even allege, no less demonstrate, that the telephone numbers from which he purported to receive the calls are Creditors Relief, LLC telephone numbers. This creates a lack of plausibility to his pleading, and an outright deficiency, which is fatal to his claim. *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)); *Despot v. Allied Interstate, Inc.*, 2016 U.S. Dist. LEXIS 118646, at *17-18 (W.D. Pa. Sep. 2, 2016) ("Plaintiff's allegations merely parrot the language of 47 U.S.C. § 227(b)(1)(A)(iii) and state that he received thirteen 'unlawful' calls. Without more, such conclusory allegations fail to plead sufficient facts to support a plausible TCPA claim." (internal record citation omitted)); *Leon v. Target Corp.*, 2015 U.S. Dist. LEXIS 34490, at *6-8 (M.D. Pa. Mar. 19, 2015) ("[T]he Complaint is bereft of even generalized factual allegations to put Target on notice of its purportedly unlawful conduct, i.e., the timing and/or the approximate number of offending calls") (dismissing TCPA claim); *Wallack v. Mercantile Adjustments Bureau, Inc.*, 2014 U.S. Dist. LEXIS 53833, at *4-7 (E.D. Mich. April 18, 2014) ("[T]o satisfy the Twombly/Iqbal standard with respect to such a TCPA claim, a plaintiff must plead such facts as (i) the number of allegedly unlawful calls received, (ii) the approximate dates and times of these calls, and (iii) circumstances that would support the inference that these calls were placed with a automatic

telephone dialing system or an artificial or prerecorded voice."). Plaintiff does not even allege, no less demonstrate that with any level of plausibility that any of the telephone numbers that called him had been under the control of the Defendant, no less that the Defendant used an ADTS in placing calls to him.

In the event the Court determines that Plaintiff's telephone allegations are sufficient to satisfy the Iqbal and Twombly threshold, then Defendant requests, in the alternative, that Plaintiff be required to set forth in a further pleading additional detail about the alleged telephone calls, including but not limited to: the reason that Plaintiff attributes all the various numbers he attaches to Exhibit A of his Amended Complaint to the Defendant; and factual allegations concerning alleged ATDS use, which Defendant knows that Plaintiff will be unable to do. Such relief is appropriate and necessary pursuant to Rule 12(e) if the Court denies Defendant's motion to dismiss these allegations; otherwise, Defendant is left to speculate about when the alleged telephone calls were made and will not be able to sufficiently prepare its factual defenses thereto. See Fed. R. Civ. P. 12(e); *Swierkiewicz*, 534 U.S. at 514. In the final analysis, it appears that the Plaintiff has attempted to cure his prior deficient Complaint by attaching a random sampling of numbers that he received calls from over a period of months. Such is not sufficient to pass the plausibility test that Creditors Relief made the calls, no less that Creditors Relief used an ATDS to do so.

### B. Plaintiff Has Failed to Sufficiently Plead that Creditors Relief Used an ADTS in Sending Him Text Messages.

Plaintiff alleges that Creditors Relief used an ATDS to contact him in violation of the TCPA. However, this is insufficiently pled and therefore the claim fails.

It is well-settled in this Circuit and others that a plaintiff cannot satisfy the Iqbal and Twombly standard by merely pleading in a conclusory fashion that the defendant used an ATDS in violation of the TCPA. *See, e.g.*, *Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 86-87 (D.

Mass. 2013) ("A bare allegation that defendants used an ATDS is not enough. … Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." (quotation marks and citations omitted)); *McDermet v. Trinity Heating & Air, Inc.*, 2018 U.S. Dist. LEXIS 22229, at *9 (D. Mass. Feb. 12, 2018) (same). Plaintiff here attempts to rely on exactly that type of impermissible conclusory pleading, and tries to amplify it by attaching three text messages to his Amended Complaint. However, a simple review of the three text messages demonstrate that they could not be an ATDS, or otherwise automated, as the one sent on May 31 which is attached to the Amended Complaint is rife with typographical errors, and, as discussed below, had been sent after an apparent 6 minute phone call between the parties on May 29, which is also attached to the Amended Complaint Exhibit A.

To sufficiently plead the ATDS element of his claim, Plaintiff was required to, at a bare minimum, plead additional allegations that raise a reasonable inference that an ATDS was used to contact him. Examples of such allegations that may sufficiently infer the use of an ATDS include: the lack of human response when attempting to have a conversation; the frequency of the contacts; the generic content of the message received; or the timing, length, and volume of the calls. See *McDermet*, 2018 U.S. Dist. LEXIS 22229, at *9-10 (*citing in part Jones v. Hanna*, No. 14-2346, slip op. at [2] (1st Cir. Mar. 28, 2016) (noting that "timing, length, frequency and volume of the alleged phone calls may permit a reasonable inference that an ATDS was used.")); *see also Jones*, 978 F. Supp. 2d at 86-87; *Gonzalez v. Hosopo Corp.*, 371 F. Supp. 3d 26, 34-35 (D. Mass. 2019) ("[A]llegations of hearing lengthy pauses, clicks, and then silence after answering a call are adequate to raise an inference that ATDS was used" (quotation marks and citation omitted)). Plaintiff fails to allege any facts that would permit an inference that an ATDS had been used.

Contrarily, Plaintiff does not allege, for instance, a barrage of messages that would raise an inference of an ATDS. *Compare Ready v. Synchrony Bank*, 2018 U.S. Dist. LEXIS 59069, at *12 (D. Me. April 6, 2018) (allegations that defendant called plaintiff's phone "324 times in a similar pattern of calls, on consecutive days, at least twice per day, including mornings, nights, and weekends, even after he twice requested that the defendant cease calling" plausibly inferred use of ATDS); *Hewitt v. Synchrony Bank*, 2017 U.S. Dist. LEXIS 203971, at *6 (W.D. Mo. Dec. 12, 2017) (where plaintiff alleged that defendant called 45 times on consecutive days in a regular pattern, "the number of calls and timing can imply Defendant used an ATDS to place these calls"); *Gonzalez*, 371 F. Supp. 3d at 35 ("[T]he high number of calls in a short period of time, all for the same purpose, raises a plausible inference that an automated system was used."). That only three messages had purportedly been sent (*i.e.*, certainly not a barrage), one of which had typographical errors makes clear that no ATDS had been used.

### C. Plaintiff Has Failed to Sufficiently Plead "Telephone Solicitations."

Among other things, Plaintiff is required to plausibly plead that Creditors Relief communications with him constituted "telephone solicitations" as "the initiation of a telephone call or message for the purpose of encouraging the purpose or rental of, or investment in, property, goods, or services…" 47 C.F.R. 64.1200(f)(14).

Generally, courts evaluate the question of whether a message or phone call constitutes a telephone solicitation by looking at the context of the message and by using "a measure of common sense." *See, e.g.*, *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Nothing in the Amended Complaint gives rise to an inference that the message or call constituted a telephone solicitation. In fact, the telephone calls are not even attributed to Creditors Relief, and are certainly not described, in substance.

### D. Plaintiff's Claim Should Be Dismissed for Lack of Subject Matter Jurisdiction

Article III of the U.S. Constitution limits the jurisdiction of the federal courts to actual cases or controversies. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). To satisfy the "irreducible constitutional minimum" requirement of standing under Article III of the Constitution, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547, *citing Lujan*, 504 U.S. at 560-561.

"[I]njury in fact [is] the '[f]irst and foremost' of standing's three elements." *Spokeo*, 136 S. Ct. at 1547, *quoting Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998). To establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548, *citing Lujan*, 504 U.S. at 560.

Plaintiff fails to satisfy the "injury-in-fact requirement of Article III" because he asserts only "a bare procedural violation, divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1547.

Courts have consistently held that merely asserting violations of a statute – without more – is insufficient to demonstrate an injury-in-fact for purposes of establishing standing under Article III. *See, e.g.*, *Cottrell v. Alcon Labs., Inc.,* 2015 U.S. Dist. LEXIS 81830, at *5 (D.N.J. 2015) (Wolfson, J.) ("absent sufficient allegations as to injury . . . [plaintiffs'] conclusory theory [of defendant's violation of various consumer laws] is simply too remote and abstract to qualify as a

concrete and particularized injury under Article III standing."); *see also Polanco v. Omnicell, Inc.*, 988 F.Supp. 2d 451, 469 (D.N.J. 2013) (Hillman, J.) ("merely asserting violations of certain statutes is not sufficient to demonstrate an injury-in-fact for purposes of establishing standing under Article III"). The Third Circuit also shares this view. *See Doe v. Nat'l Bd. Of Med. Exam'rs*, 199 F.3d 146, 153 (3d Cir. 1999) (explaining that it is "incorrect" to "equate[] a violation of a statute with an injury sufficient to confer standing" which analysis, instead, must "focus[] on whether the plaintiff suffered an actual injury, not on whether a statute was violated."); *see also In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) ("What a plaintiff cannot do, according to the Court, is treat a "bare procedural violation . . . [that] may result in no harm" as an Article III injury-in-fact." (*quoting Spokeo*, 136 S. Ct. at 1550)).

Rather than simply allege a statutory or procedural violation, Plaintiff must assert a concrete and particularized "injury in fact" to meet the requirements for Article III standing. For an injury to be particularized, it "'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548, *citing Lujan*, 504 U.S. at 560. However, particularization is not sufficient. The injury must also be concrete. "A 'concrete' injury . . . must actually exist." *Spokeo*, 136 S. Ct. at 1548, *citing Lujan*, 504 U.S. at 560. A concrete injury is a real injury, not an "abstract" injury. *Spokeo*, 136 S. Ct. at 1548, *citing Lujan*, 504 U.S. at 560. Importantly, a "concrete injury," for purposes of Article III standing, is much more than simply a recitation of all the possible harms that a plaintiff can imagine based on the alleged actions of a defendant. Instead, a complaint must provide "factual allegations of injury resulting from the defendant's conduct." *Lujan*, 504 U.S. at 561. Facts setting forth the concrete and particularized harm or injury that he claims to have suffered are woefully missing from Plaintiff's Amended Complaint.

Plaintiff states that he received phone calls, and phones calls, with no other allegations of concrete injury. He does not even ascribe the numbers to Creditors Relief, and, in one of the phone calls on May 29, which had been at the beginning of the purported interactions with Creditors Relief as demonstrated on Exhibit A, had a six minute call. Thus, the Plaintiff – even if he did plead plausibly that the calls came from Creditors Relief, which he did not – cannot claim nuisance, or harm, plausible as he had a six-minute conversation with the Plaintiff; if it was such a nuisance, he might have hung up the phone and immediately sought injunctive relief.

Plaintiff's implausible allegations cannot support even the inference of "actual," "concrete," or "particularized" injury to the Plaintiff, as required for Article III standing.

### E. Discovery Should Be Stayed Pending Determination of Motion to Dismiss

As the Court is aware, the law is well-settled in this jurisdiction, whereas here, there is an issue as to the viability of the claim raised in a motion to dismiss, discovery should be stayed pending determination of the motion to dismiss. Such is not only borne out by the case law in this jurisdiction, but promotes judicial economy, and efficiency, and protects Defendants named in baseless lawsuits, such as this one, from the additional cost that discovery might cause pending determination of the dismissal motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed with prejudice and discovery stayed pending determination of this motion.

Respectfully submitted,
DEFENDANT, CREDITORS RELIEF, LLC
By its attorneys,

/s/ Gino Spinelli
Gino Spinelli, BBO No. 667417
**DAVIDS & COHEN, P.C.**
40 Washington Street, Suite 20
Wellesley, MA 02481
(781) 416-5055
gspinelli@davids-cohen.com

Dated: June 29, 2021

## CERTIFICATE OF SERVICE

    I, Gino Spinelli, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

| | |
|---|---|
| Dated: June 29, 2021 | /s/ Gino Spinelli |
| | Gino Spinelli |