**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| ) | |
| **GENE VISCO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 20-cv-12303-DJC** |
| ) | |
| **CREDITORS RELIEF, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                    **February 17, 2022**

**I.      Introduction**

Plaintiff Gene Visco ("Visco") has filed this lawsuit against Defendant Creditors Relief, LLC ("Creditors Relief") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227.  D. 1, 16.  Creditors Relief has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectively.  D. 17.  Alternatively, Creditors Relief has moved for a more definite statement of the claims pursuant to Fed. R. Civ. P. 12(e).  Id.  For the reasons stated below, the Court DENIES the motion.

**II.     Standard of Review**

**A.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, "the district court must construe the complaint liberally, treating all well-

1

pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." <u>Aversa v.</u> <u>United States</u>, 99 F.3d 1200, 1209-10 (1st Cir. 1996) (citing <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995)).  The Court, however, may also look beyond the pleadings to any evidentiary materials submitted by the parties to determine whether it has jurisdiction.  <u>Martínez-Rivera v.</u> <u>Puerto Rico</u>, 812 F.3d 69, 74 (1st Cir. 2016).

   **B.**     **Fed. R. Civ. P. 12(b)(6)**

   On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." <u>Schatz v. Republican State Leadership Comm.</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. <u>García-Catalán v. United States</u>, 734 F.3d 100, 103 (1st Cir. 2013).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  <u>Id.</u>  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  <u>Id.</u>  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." <u>Haley v. City of Boston</u>, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." <u>García-Catalán</u>, 734 F.3d at 103 (citation omitted).

**III.   Factual Background**

   The following summary is based upon the factual allegations in the amended complaint, D. 16, and are accepted as true for the consideration of the Creditors Relief's motion to dismiss, D. 17.  Visco resides in Burlington, Massachusetts.  D. 16 ¶ 6.  Creditors Relief is a New Jersey entity that provides debt relief services.  <u>Id.</u> ¶¶ 7, 16.  Visco registered his cell phone number with

the Do-Not-Call registry in 2003.  Id. ¶ 13.  Between March and November 2020, Creditors Relief contacted Visco on his cell phone through a "series of unwanted solicitation calls and texts" without Visco's consent.  Id. ¶¶ 14–15.  Visco was not interested in Creditors Relief's services and found that the "incessant calls were bothersome, disruptive and frustrating . . . and caused a sense of an invasion of privacy."  Id. at ¶¶ 17–18.

Visco alleges that Creditors Relief contacted him using an automatic telephone dialing system ("ATDS") and utilized an artificial and/or pre-rerecorded voice.  Id. at ¶¶ 22–23.  With respect to the phone calls, Visco states that "several" of the times he answered the phone, he was greeted by an "automated/pre-recorded voice."  Id. at ¶ 20.  At other times, there was a "pause" before Visco was greeted by a live agent.  Id. ¶ 21.  Additionally, Visco alleges that the messages were "generic, pre-scripted text messages . . . almost certainly sent *en masse*."  Id. at ¶ 19.

IV.     **Procedural History**

Visco instituted this action on December 31, 2020.  D. 1.  Creditors Relief moved to dismiss the initial complaint, D. 10, and Visco then filed an amended complaint, D. 16.  In light of the amended pleadings, the Court denied Creditors Relief's motion to dismiss the initial complaint as moot.  D. 20.  Creditors Relief has now moved to dismiss the amended complaint, or, in the alternative, for a more definite statement.  D. 17.  Creditors Relief also requested that the Court stay discovery pending the resolution of its motion.  Id.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 27.

V.      **Discussion**

A.      <u>**Standing**</u>

The Court begins by addressing Creditors Relief's argument that the amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  D. 18

at 6–8.  Pursuant to Article III of the United States constitution, federal court authority is limited

to resolving "justiciable cases or controversies."  Becker v. Fed. Election Comm'n, 230 F.3d 381,

384–85 (1st Cir. 2000) (citation omitted).  This rule ensures that federal courts focus on "actual

and concrete disputes, the resolutions of which have direct consequences on the parties involved."

Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013).  To establish standing, a plaintiff

must show that he has "a sufficiently personal stake in the issue."  Becker, 230 F.3d at 385.

Specifically, a plaintiff must show that (1) he suffered a concrete and particularized injury (2) the

injury is fairly traceable to the defendant's alleged misconduct and (3) a favorable court decision

will likely redress the alleged injury.  See id. (internal citation omitted).  "For an injury to be

'particularized,' it 'must affect the plaintiff in a personal and individual way.'"  Spokeo v. Robins,

578 U.S. 330, 340 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 560 n.1 (1992)).  A

"concrete" injury is one that is "real" and not "abstract."  Id.

        Here, Creditors Relief challenges whether Visco has satisfied the first prong to establish

standing.  D. 18 at 6–9.[1]  Creditors Relief relies upon Spokeo and related cases to argue that Visco

lacks standing because the amended complaint consists of "implausible allegations [that] cannot

support even the inference of actual, concrete, or particularized injury . . . as required for Article

III standing."  Id. at 6–8 (internal quotation marks omitted).  In Spokeo, the Supreme Court noted

that alleging a "bare procedural violation, divorced from any concrete harm," does not meet the

concrete injury requirement.  Spokeo, 578 U.S. at 341 (citation omitted).  Importantly, however,

"[t]his observation has little application to claims under the TCPA, since those claims are not based

on 'bare procedural' rights, but rather on substantive prohibitions of actions directed toward

_____

[1] Creditors Relief does not argue that Visco has failed to allege that the calls and text messages at
issue are fairly traceable to Creditors Relief, nor does it address redressability.  The Court,
therefore, focuses solely on the injury-in-fact element of standing.

specific consumers." <u>Physician's Healthsource, Inc. v. Vertex Pharms. Inc.</u>, 247 F. Supp. 3d 138, 149 (D. Mass. 2017) (quoting <u>Mey v. Got Warranty, Inc.</u>, 193 F. Supp. 3d 641, 644 (N.D.W. Va. 2016)). Indeed, none of the other cases that Creditors Relief cites pertain to TCPA claims either. <u>See</u> D. 18 at 6–8 (citing <u>Cottrell v. Alcon Lab'ys, Inc.</u>, No. 14-5859-FLW, 2015 WL 3889367, at *4-6 (D.N.J. June 24, 2015)) (involving claims against pharmaceutical manufacturers and distributors for unfair and illegal business practices); <u>Polanco v. Omnicell, Inc.</u>, 988 F. Supp. 2d 451, 469 (D.N.J. 2013) (concerning fraud, negligence and conspiracy claims, and alleged violations of state security notification and consumer fraud laws); <u>Doe v. Nat'l Bd. of Med. Examiners</u>, 199 F.3d 146, 153 (3d Cir. 1999) (discussing claims arising under the Americans with Disabilities Act); and <u>In re Nickelodeon Consumer Priv. Litig.</u>, 827 F.3d 262, 274 (3d Cir. 2016) (concerning consumer privacy laws)). Although the cases that Creditors Relief cites support the argument that some non-TCPA claims are insufficient to demonstrate injury for the purpose of establishing standing, this does not apply to the facts as alleged here as to a claim arising under the TCPA. <u>See</u> <u>Katz v. Liberty Power Corp., LLC</u>, No. 18-cv-10506-ADB, 2019 WL 4645524, at *11-12 (D. Mass. Sept. 24, 2019). "[A] mere technical violation of the TCPA is, by itself, a concrete injury sufficient to confer standing." <u>Id.</u> (quoting <u>Gibbs v. SolarCity Corp.</u>, 239 F. Supp. 3d 391, 395 (D. Mass. 2017)). Visco has, therefore, adequately alleged injury for the purpose of standing.

Visco alleges in the amended complaint that the calls from Creditors Relief were "bothersome, disruptive and frustrating . . . and caused a sense of an invasion of privacy." D. 16 ¶ 18. The Court finds that such alleged harm rises to the level necessary to satisfy the concrete and particularized injury pleading requirement to establish standing. <u>See</u> <u>Sagar v. Kelly Auto. Grp., Inc.</u>, No. 21-cv-10540-PBS, 2021 WL 5567408, at *4 (D. Mass. Nov. 29, 2021) (stating that

"[t]his Court joins the Second, Fifth, Seventh, and Ninth Circuits in finding that, in light of the TCPA, the receipt of unsolicited telemarketing text messages, on its own, is sufficient to establish a concrete injury in fact" and that a plaintiff "alleging a violation under the TCPA need not allege any <u>additional</u> harm beyond the one Congress has identified") (internal citation internal quotation marks omitted; emphasis in original); <u>see also</u> <u>Gibbs</u>, 239 F. Supp. 3d at 395–96 (denying motion to dismiss for lack of subject matter jurisdiction and noting that the "court agrees with the majority of courts finding that Congress, when it enacted the TCPA, recognized receiving unsolicited telemarketing calls is a legally cognizable harm and comprises a 'concrete' injury") <u>and cases cited</u>.  For the foregoing reasons, Creditors Relief's motion to dismiss the amended complaint for lack of subject matter jurisdiction is denied.

      **B.**      <u>**TCPA Violations**</u>

      Alternatively, Creditors Relief argues that the amended complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  D. 18 at 2–5.  The TCPA prohibits the initiation of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States."  47 U.S.C. § 227(b)(1)(A)(iii).  The term "automatic telephone dialing system" ("ATDS") is defined as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers."  47 U.S.C. § 227(a)(1).

      It is well settled that "[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)."  <u>Campbell-Ewald Co. v. Gomez</u>, 577 U.S. 153, 156 (2016);

see Barton v. Temescal Wellness, LLC, 525 F. Supp. 3d 195, 198 (D. Mass. 2021) (explaining that "[t]he overwhelming weight of precedent holds that text messages are calls for the purposes of the TCPA"). Accordingly, the Court's analysis below addresses both the text messages and phone calls that Visco alleges he received from Creditors Relief.

        1.      *Visco Sufficiently Alleged that Phone Numbers Belong to Creditors Relief*

Creditors Relief first contends that Visco failed to allege plausibly that any of the numbers used to contact him were under the control of Creditors Relief or that Creditors Relief used an ATDS. D. 18 at 2–3. The Court disagrees. The amended complaint incorporates attached screenshots of call records and text messages to support the claim that, on several occasions, Creditors Relief contacted him by phone and text message. D. 16 ¶ 15; D. 16-1. One such text message includes an email address which appears to belong to a Creditors Relief employee. D. 16-1 at 9 (providing email address of sender with the domain name "creditorsrelief"). The totality of the allegations are at least sufficient to allege plausibly that the phone numbers were under the control of Creditors Relief. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (ruling that plausibility standard does not prevent plaintiff from alleging facts "upon information and belief'" where "the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible") (internal citation omitted).

        2.      *Visco Sufficiently Alleged that the Communications were Transmitted Using an ATDS*

Turning to the argument that Visco has not alleged that Creditors Relief used an ATDS, D. 18 at 3–5, the Court notes that the plain language of the statute indicates that to sustain a claim under the TCPA, a plaintiff may show that the defendant contacted him using an ATDS or an artificial/prerecorded voice, 47 U.S.C. § 227(b)(1)(A)(iii). It is not required, therefore, that a

plaintiff allege that the defendant utilized an ATDS if the plaintiff claims an artificial or prerecorded voice was used instead.  See id.  Here, Visco claims that Creditors Relief violated the TCPA by utilizing both an ATDS and an artificial/prerecorded voice to place calls and send text messages without his consent.  D. 16 ¶¶ 19–23.

Moreover, even if Visco did not claim, as he does, that on at least some occasions he "was greeted with an automated/pre-recorded voice," id. at ¶ 20, Visco's allegations regarding the use of an ATDS are nevertheless sufficient to survive a motion to dismiss.  The Court recognizes, as have other district courts, that alleging specific details regarding a defendant's use of an ATDS can pose a challenge prior to conducting discovery.  See, e.g., Hickey v. Voxernet, LLC, 887 F. Supp. 2d 1125, 1129–30 (W.D. Wash. 2012) (noting "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . [and] courts can rely on details about the call to infer the use of an ATDS") (citation and internal quotation marks omitted).  Still, several courts agree that to satisfy this particular element of a TCPA claim, a plaintiff must plead more than the bare allegation that an ATDS was used.  See Baranski v. NCO Fin. Sys., Inc., No. 13-cv-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (citations omitted).  In light of these tensions, a plaintiff is permitted to "rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used."  Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84, 86–87 & n.13 (D. Mass. 2013) (quoting Gragg v. Orange Cab Co., Inc., 942 F. Supp. 2d 1111, 1114 (W.D. Wash. 2013)).  For instance, a plaintiff may "describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief that it was pre-recorded or delivered

via an ATDS." <u>Johansen v. Vivant, Inc.</u>, No. 12-cv-7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

Here, Visco describes the text messages he received from Creditors Relief as "generic" and "pre-scripted."  D. 16 ¶ 19.  One such message attached to the amended complaint contains impersonal, generic content and is not addressed to anyone in particular.  <u>See</u> D. 16-1 at 2. Additionally, Visco alleges that in some instances when Creditors Relief called his cell phone, Visco heard a "pause" before a live agent greeted him.  D. 16 ¶ 21.  These allegations plausibly infer that Creditors Relief used at ATDS to contact Visco.  <u>See</u> <u>Gonzalez v. HOSOPO Corp.</u>, 371 F. Supp. 3d 26, 34–35 (D. Mass. 2019) (ruling that even where a plaintiff did not allege he heard a "click and pause," but claimed that the defendant used a specific type of ATDS to make many calls in a short period of time, seemingly for the same purpose and using a  "scripted pitch," the plaintiff "raise[d] a plausible inference that an ATDS was used").

     3.    *Visco Sufficiently Alleged that Communications were "Telephone Solicitations"*

The TCPA also provides that a person or entity is prohibited from "initiat[ing] any telephone solicitation to . . . a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."  47 C.F.R. § 64.1200(c)(2).  A "'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" unless the recipient gave "prior express" consent or has an established business relationship with the sender, or the sender is a tax-exempt nonprofit organization.  47 U.S.C. § 227(a)(4).

Creditors Relief alleges that Visco's claims should be dismissed because he failed to adequately plead that the phone calls and text messages at issue constitute "telephone solicitations."  D. 18 at 5.  Creditors Relief further claims that "the telephone calls are not even

attributed to Creditors Relief, and are certainly not described in substance." Id.  Courts, however, may look to the context of the message to assess whether it satisfies the definition of "telephone solicitations."  Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 918 (9th Cir. 2012) (assessing the "purpose of the message" and finding that that the communications at issue constituted telephone solicitations "[b]ecause the calls encouraged recipients to engage in future purchasing activity")).

Considering the factual allegations in the amended complaint in this manner, the Court concludes that Visco has sufficiently pleaded that the communications from Creditors Relief constitute "telephone solicitations" as defined by the TCPA, particularly where the complaint incorporates the text messages attached, some of which include Creditors Relief's name and show that the purpose of the communications was to discuss the company's debt relief services that Creditors Relief can "offer a reduced weekly or bi-weekly arrangement." D. 16-1 at 2, 9.  These messages support Visco's claim that the sender, Creditors Relief, "was soliciting its debt relief services."  See D. 16 ¶ 16; see also Barton, 525 F. Supp. 3d at 201–03 (concluding that text messages from defendant which "encouraged [plaintiff] to visit its locations where a menu of goods would be available for sale for [plaintiff] to purchase" constituted telephone solicitations, and therefore denying defendant's motion to dismiss plaintiff's TCPA claims).  Accordingly, the communications from Creditors Relief constitute telephone solicitations under the TCPA.  For all of these reasons, the Court denies Creditors Relief's Fed. R. Civ. P. 12(b)(6) motion to dismiss.

**C.**      **Motion for a More Definite Statement of Telephone Call Allegations**

Alternatively, Creditors Relief seeks an order from the Court compelling Visco to provide a more definite statement regarding the telephone call allegations pursuant to Fed. R. Civ. P. 12(e). D. 18 at 2–3.  Specifically, Creditors Relief argues that Visco should be required to plead additional facts concerning why Visco attributes the telephone calls to Creditors Relief and why

Visco alleges that an ATDS was used.  Id. at 3.  A motion for a more definite statement is appropriate only where a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The rule "is designed to remedy unintelligible pleadings, not merely to correct for lack of detail."  Kahalas v. Schiller, 164 F. Supp. 3d 241, 248 (D. Mass. 2016) (quoting Ivymedia Corp. v. iLIKEBUS, Inc., No. 15-cv-11918-NMG, 2015 WL 4254387, at *6 (D. Mass. July 13, 2015)).

The Court has already ruled that Visco adequately pleaded the claims concerning the communications that Creditors Relief allegedly initiated with Visco.  Accordingly, Creditors Relief's partial motion for a more definite statement is denied.  See Jones v. Revenue Assistance Program, No. 15-cv-14017-NMG, 2016 WL 3919843, at *8 (D. Mass. July 14, 2016) (denying defendant's motion for a more definite statement because the court had already concluded that the plaintiff sufficiently alleged TCPA violations).

     **D.**      **Motion to Stay Discovery**

Finally, Creditors Relief asks the Court to stay discovery pending resolution of its motion to dismiss, D. 18 at 8, which Visco did not oppose, D. 19 at 11.  Given the Court's ruling on the motion to dismiss, including the alternative request for a more definite statement, the Court denies the motion to stay discovery as moot.

**VI.**    **Conclusion**

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss, D. 17.

**So Ordered.**

                           /s/ Denise J. Casper
                           United States District Judge