UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE VISCO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CREDITORS RELIEF, LLC,<br><br>　　　　Defendant. | Case No.: 1:20-cv-12303-DJC |

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Creditors Relief, LLC ("Defendant"), by and through its undersigned attorneys, as and for its Answer to the Amended Complaint (the "Complaint") of Gene Visco ("Plaintiff"), responds as follows:

## INTRODUCTORY STATEMENT

Defendant respectfully submits that the Complaint contains numerous purported allegations that constitute legal conclusions. Because Defendant is not required to respond to legal conclusions in its Answer, Defendant neither admits nor denies these allegations. To the extent a response is required, Defendant denies such allegations.

Defendant further respectfully submits that the headings, sub-headings, and unnumbered paragraphs used in the Complaint do not require a response, but, for the avoidance of doubt, to the extent they contain allegations against Defendant, Defendant denies such allegations.

Where the Complaint references to purported descriptions and/or summaries of and purported quotations from documents, Defendant, without admitting the truth thereof of the admissibility of the documents, respectfully refers the Court to the actual documents for a complete and accurate statement of their contents.

## SPECIFIC RESPONSES

### INTRODUCTION

1. Denied.

### JURISDICTION

2. Denied.

3. Denied.

4. Denied.

5. Denied.

### PARTIES

6. Admitted.

7. Denied.

8. Denied.

9. Denied.

### FACTUAL ALLEGATIONS

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denied. Plaintiff used its cell phone to commit commercial fraud.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denied. Plaintiff did consent to receive phone calls and texts from the Defendants, immediately, and particularly, on May 28, 2020, during a 6-minute call, which preceded all but one alleged communication from Defendant, which Defendant denies is from them.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

## COUNT I
## Defendants Violated the TCPA 47 U.S.C. 227(b)

24. Defendant restates and realleges the foregoing paragraphs as if stated herein at length.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. 227(C)

35. Defendant restates and realleges the foregoing paragraphs as if stated herein at length.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the claims set forth in the Complaint. By asserting these affirmative defenses, however, Defendant does not waive, but expressly reserves, the right to amend its Answer to add, supplement, or modify

defenses based on any amendment of the Complaint, any material produced throughout discovery, and/or further analysis of Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action for which any relief can be granted and lack of subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff has taken actions that have hindered Defendant's performance.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of ratification, waiver, laches, offset, setoff, equipment recoupment, and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff has suffered no injury or damages due to any act or omission by Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by Plaintiff's own culpable conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by documentary evidence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because any of Defendant's alleged actions were justified.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff lacks jurisdiction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, because Plaintiff's claim violates New Jersey rules, law, and statutes prohibiting vexatious, malicious, baseless, and frivolous litigation, including but not limited to, Federal Rule of Civil Procedure 11, and common law abuse of process.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, as a result of its fraud, and commercially immoral and unconscionable conduct amounting to unfair competition and commercial duress under New Jersey law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of its consent to, and/or acquiescence in, the actions of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, precluded and/or limited by termination, abrogation, abandonment and/or rescission.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, precluded and/or limited because Plaintiff would be unjustly enriched if it were to recover on its claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are diminished, reduced, and barred by Plaintiff's failure to mitigate its alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are diminished, reduced and barred by reason of the doctrines of equitable setoff and offset, and/or equitable recoupment.

## ADDITIONAL DEFENSES

The above-referenced defenses are pleaded in the alternative, are raised to preserve the rights of Defendant to assert such defenses, and are without prejudice to Defendant's assertion of other and additional defenses. Defendant expressly reserves all rights to re-evaluate its defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other facts, and during pretrial proceedings in this action.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully seek judgment as follows:

A. Denying Plaintiff all relief;

B. Dismissing Plaintiff's claims against Defendant with prejudice;

C. Awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and,

D.  Determining that the Plaintiff's claim violates Federal Rule of Civil Procedure 11 and constitutes an abuse of process;

E.  Granting other and further relief as this Court may deem just and proper.

## COUNTERCLAIMS

Counterclaim-Plaintiff, Creditors Relief, LLC ("Creditors Relief"), by and through its undersigned attorneys, as and for its Counterclaims against Gene Visco ("Visco"), alleges as follows:

### COUNT I
### (FRAUD)

1.  Visco spoke with Creditors Relief, LLC on May 28, 2020. During that call, Visco expressed interest in Creditors Relief services and requested more information about such services.

2.  Visco, in reality, did not want more information about Creditors Relief services, but, rather, wanted to cause Creditors Relief to follow-up with him on phone calls and texts so as to form the basis for this lawsuit. Visco, therefore, during that call, without the present intent of ever using their services, spent minutes entrapping Creditors Relief into believing that he was a potential customer.

3.  Creditors Relief reasonably relied upon Visco's representations that he wanted more information about Creditors Relief services, and to retain Creditors Relief to assist him, during that 6-minute phone call.

4. Creditors Relief, therefore, expended its internal time, resources, and efforts to assist Visco, losing opportunities to perform debt relief and restructuring services for other clients.

5. Visco lied to Creditors Relief repeatedly on the May 28, 2020 10:41 AM EDT 6 minute phone call expressing desires to work with Creditors Relief.

6. Creditors Relief lost opportunities to earn fees because of that fraudulent phone call.

7. Visco, therefore, not only defrauded Creditors Relief, but is misusing and misapplying the legal procedure in a manner not contemplated by law, including but not limited to, lying to the Court by attributing calls and texts to Creditors Relief that have nothing to do with Creditors Relief, and contending that texts had been prerecorded or drafted, when, in reality, the one message he sent that has creditorsrelief noted on it, clearly has substantial typos and had been meant for a customer named James, not Gene.

8. By virtue of the foregoing, Creditors Relief has incurred substantial damages to be proven at trial, including but not limited to, compensatory, consequential, incidental, special, among other forms of harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Creditors Relief respectfully requests that this Court enter judgment:

A. awarding Creditors Relief damages in an amount to be determined at trial, including but not limited to, compensatory damages, consequential damages, incidental damages, punitive damages, and treble damages;

B. awarding Creditors Relief prejudgment interest at the statutory annual rate;

C.   awarding Creditors Relief the costs, disbursements, and attorneys' fees of this action; and

D.   awarding Creditors Relief such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Creditors Relief hereby demands trial by jury on all issues so triable.

> Respectfully submitted,
> **DEFENDANT/COUNTERCLAIM-PLAINTIFF, CREDITORS RELIEF, LLC**
> By its attorneys,
>
> /s/ Gino Spinelli
> Gino Spinelli, BBO No. 667417
> **DAVIDS & COHEN, P.C.**
> 40 Washington Street, Suite 20
> Wellesley, MA 02481
> (781) 416-5055
> gspinelli@davids-cohen.com

Dated:  March 3, 2022

## CERTIFICATE OF SERVICE

I, Gino Spinelli, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

> /s/ Gino Spinelli
> Gino Spinelli