UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GENE VISCO,**<br><br>  Plaintiff,<br><br>v.<br><br>**CREDITORS RELIEF, LLC,**<br><br>  Defendant. | Case No. 1:20-cv-12303-DJC |

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERLCAIM

Gene Visco ("Plaintiff" or "Mr. Visco")), by and through his attorneys, Kimmel & Silverman, P.C., answers the Counterclaim filed by Creditors Relief, LLC ("Defendant" or "Creditors Relief"):

### COUNT

1. Admitted in part and denied in part. Plaintiff admits he feigned interest in Defendant's credit services as the company calling him would not disclose its identity. Plaintiff registered his number on the Do Not Call registry in 2003 to be free of harassing telemarketing calls. Despite doing so, he has been inundated with frequent unwanted robo-calls and solicitors. If the companies disclosed their identities, he would not have to do independent private investigative work to learn the identities of the solicitors and robo-callers.

2. Denied as stated. If Defendant disclosed its identity while placing the subject solicitation calls, private sector investigative work would not be necessary. Plaintiff spoke with Defendant as a "potential customer" because it was the only way to learn the identity of the harassing robo-caller that refused to identify itself. Plaintiff- like

many Americans- grew frustrated with the frequent invasive telemarketer calls and exercised his rights by registering his number on the Do Not Call list. Plaintiff simply exercised his right to file a TCPA claim in response to Defendant's unwanted solicitations.

3. Denied. Plaintiff is without sufficient information to admit or deny these allegations. Therefore, such allegations are denied.

4. Denied. Plaintiff is without sufficient information to admit or deny these allegations. Therefore, such allegations are denied.

5. Admitted in part and denied in part. Plaintiff set up an investigative appointment because Defendant does not comply with the law or disclose its identity in the course of its unlawful telemarketing. If Defendant disclosed its corporate identity in the course of its unwanted telemarketing calls, investigative appointments would not be necessary. Plaintiff denies he acted wrongfully in any manner.

6. Denied. Plaintiff is without sufficient information to admit or deny these allegations. Therefore, such allegations are denied.

7. Denied.

8. Denied as a conclusion of law to which no response is required. To the extent a response is warranted, Plaintiff leaves Defendant to its proofs for this assertion.

## Affirmative Defenses

1. Some or all of Defendant's counterclaims are barred by the doctrine of laches.

2. Some or all of Defendant's counterclaims are barred by the doctrine of unclean hands.

3. Some or all of Defendant's counterclaims are barred by the doctrine of estoppel.

4. This court lacks supplemental jurisdiction over Defendant's counterclaims under 28 USC § 1367.

5. Some or all of Defendant's counterclaims are brought in bad faith for the purpose of deterring consumers from exercising their rights under the TCPA. Accordingly, recovery is not permissible.

6. Some or all of Defendant's counterclaims fail to state a claim upon which relief can be granted.

7. Defendant lacks Article III standing for its counterclaims.

8. Defendant's damages are *de minimis*.

9. Defendant's tortious inference counterclaim is not cognizable as it fails to identify the prospective economic benefit with specificity.

10. Defendant failed to mitigate its damages.

11. Any damages incurred by Defendant were brought about by its own acts and omissions.

Respectfully submitted,

Dated: March 23, 2022

By: */s/ Craig Thor Kimmel*
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave
Ambler, PA 19002

Phone: 215-540-8888  
Facsimile: 877-788-2864  
Email: teamkimmel@creditlaw.com

CERTIFICATE OF SERVICE

I, Craig Thor Kimmel, hereby certify that I served a true and correct copy of the foregoing on all parties of record via ECF.

/s/ Craig Thor Kimmel

DATED: March 23, 2022